UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| HSBC BANK USA NATIONAL ASSOCIATION, MORTGAGE LOAN TRUST PASS-THROUGH CERTIFICATES SERIES 2007-OA3, AGENT OF DEUTSCHE ALT-A SECURITIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> FIDELITY NATIONAL TITLE GROUP, INC., *et al.*, <br><br> Defendants. | Case No. 2:18-cv-02162-MMD-DJA <br><br> ORDER |

**I.   SUMMARY**

This is a title insurance dispute stemming from litigation over a homeowner's association's ("HOA") foreclosure sale. Before the Court are: (1) Defendant Chicago Title Insurance Company's motion to dismiss (ECF No. 64);[1] (2) Plaintiff HSBC Bank USA National Association, Mortgage Loan Trust Pass-Through Certificates Series 2007-OA3, agent of Deutsche Alt-A Securities, Inc. ("HSBC")'s counter motion for partial summary judgment (ECF No. 67);[2] and (3) Chicago Title's counter-counter motion for partial summary judgment on HSBC's claim for declaratory relief (ECF No. 77).[3] As further explained below, the Court issued an order in a very similar case, *Wells Fargo Bank, N.A. v. Fidelity National Title Insurance Company*, ECF No. 52, Case No. 3:19-cv-00241-

---

[1] HSBC responded (ECF No. 66) and Chicago Title replied (ECF No. 75).

[2] Chicago Title responded (ECF No. 76) and HSBC replied (ECF No. 82).

[3] HSBC responded (ECF No. 83) and Chicago Title replied (ECF No. 84).

MMD-CSD (D. Nev. Sept. 20, 2022) ("*Wells Fargo*").[4] The reasoning in the Court's *Wells Fargo* decision applies in this case as well and resolves the arguments pertinent to the pending motions. Because the Court finds that the CLTA 100.2(1)(a) endorsement covers HSBC's loss, but neither CLTA 100.2(2)(a) nor ALTA 5 does—and as further explained below—the Court will grant and deny the parties' pending motions accordingly. The Court also resolves HSBC's non-contractual claims consistent with its resolution of similar claims in *Wells Fargo*.

**II.   BACKGROUND**

The underlying facts of this case have not significantly changed since the Court issued a prior order granting in pertinent part Defendants' motions to dismiss and strike, and dismissing the original complaint. (ECF No. 41 ("Dismissal Order") at 2.) The Court accordingly incorporates by reference those background facts. (*Id.*)

HSBC appealed the Dismissal Order. (ECF No. 42.) While the appeal was pending, the Court granted HSBC's motion for an indicative ruling, stating that it would consider HSBC's newly discovered trade usage evidence were the United States Court of Appeals for the Ninth Circuit to remand the case to the Court. (ECF No. 53.) HSBC subsequently voluntarily dismissed its appeal, and the Ninth Circuit remanded the case to this Court. (ECF No. 63.)

Following remand, the Court granted HSBC leave to amend. (ECF No. 61.) HSBC timely filed the FAC. (ECF No. 62.) The FAC contains claims for: (1) declaratory judgment (*id.* at 29-31); (2) breach of contract (*id.* at 31-32); (3) breach of the implied covenant of good faith and fair dealing (*id.* at 32-34); (4) deceptive trade practices (*id.* at 34-35); and (5) unfair claims practices in violation of NRS § 686A.310 (*id.* at 35-37). The FAC at issue in *Wells Fargo*, ECF No. 52 at 9, contained the same claims.

///

---

[4]The parties to *Wells Fargo* moved for reconsideration of that order, but the Court recently denied their motions for reconsideration. *See Wells Fargo*, Case No. 3:19-cv-00241-MMD-CSD, ECF No. 66.

Moreover, HSBC attached some of the same trade usage evidence to the FAC that Wells Fargo did to the FAC in *Wells Fargo*. *Compare id.* at 4-6 (summarizing the trade usage evidence attached to the FAC in that case) *with* (ECF Nos. 62-4, 62-5, 62-6, 62-7, 62-9, 62-10, 62-11, 62-12).

In addition, HSBC in this case asserts that Chicago Title should have—but did not—cover its loss under the CLTA 100.2(1)(a) or 100.2(2)(a), or ALTA 5 endorsements. (ECF No. 62 at 30-32.) HSBC otherwise alleges that the CLTA 100.2 endorsement is the equivalent of the CLTA 100 endorsement. (*Id.* at 5.) The *Wells Fargo* order addresses the CLTA 100(1)(a) and 100(2)(a) endorsements, along with the ALTA 5 endorsement. *See Wells Fargo*, ECF No. 52 at 11-20. There, the Court found that CLTA 100(1)(a) covered the plaintiff's loss, but neither CLTA 100(2)(a) nor ALTA 5 did. *See id.*

In addition, the parties' arguments regarding dismissal of the plaintiffs' claims for breach of the implied covenant of good faith and fair dealing, deceptive trade practices, and unfair claims practices in violation of NRS § 686A.310 are also very similar, if not nearly identical, between the two cases, so, as also further explained below, the Court's *Wells Fargo* decision largely controls the analysis of those claims in this case as well. *Compare Wells Fargo*, ECF No. 52 at 21-24 *with* (ECF Nos. 64 at 19-24, 66 at 23-26).

The Court previously dismissed Defendant Fidelity National Title Group, Inc. because HSBC lacked standing to sue Fidelity, a non-party to the pertinent title insurance contract between HSBC and Chicago Title. (ECF No. 41 at 4.) However, HSBC again named Fidelity as a defendant in the FAC (ECF No. 62 at 2), and Fidelity filed a motion to dismiss for lack of personal jurisdiction or for failure to state a claim (ECF No. 65). The Court is not addressing Fidelity's motion to dismiss for lack of personal jurisdiction or for failure to state a claim in this order.

**III.   DISCUSSION**

HSBC and Chicago Title's motions raise overlapping issues that largely turn on whether CLTA 100.2(1)(a), CLTA 100.2(2)(a), or ALTA 5 cover HSBC's loss. The Court accordingly addresses the overlapping coverage issues together, before addressing

Chicago Title's motion to dismiss as to HSBC's extracontractual claims and finally whether it will grant HSBC leave to amend.

### A. Coverage

The Court found in *Wells Fargo* that the CLTA 100(1)(a) endorsement covered the plaintiff's loss, but the CLTA 100(2)(a) and ALTA 5 endorsements did not. *See Wells Fargo*, ECF No. 52 at 11-20. And HSBC alleges that the CLTA 100.2 endorsements are equivalent to the CLTA 100 endorsements. (ECF No. 62 at 5.) The Court accordingly makes the same findings here for the reasons provided in that order. *See Wells Fargo*, ECF No. 52 at 11-20. After all, the allegations, arguments, and pertinent evidence attached to the FAC in this case are substantially similar to the materials the Court considered in *Wells Fargo* as to these three endorsements.

The Court therefore declares that the CLTA 100.2(1)(a) endorsement covers HSBC's loss, but the CLTA 100.2(2)(a) and ALTA 5 endorsements do not. This means that Chicago Title's motion to dismiss as to HSBC's declaratory judgment and breach of contract claim (ECF No. 64 at 11-19) is granted in part, and denied it part. It also means that HSBC's counter motion for partial summary judgment is granted, as HSBC only seeks summary judgment that the CLTA 100.2(1)(a) endorsement covers HSBC's loss. (ECF No. 67 at 17-18.) It also means that Chicago Title's counter-counter motion for partial summary judgment is granted in part, and denied in part, because Chicago Title seeks partial summary judgment that neither the CLTA 100.2(1)(a) nor the CLTA 100.2(2)(a) endorsement covers HSBC's loss. (ECF No. 77 at 14-15.) As noted, the CLTA 100.2(1)(a) endorsement covers HSBC's loss, but the CLTA 100.2(2)(a) endorsement does not.

### B. Extra-Contractual Claims

Turning back to the portion of Chicago Title's motion to dismiss seeking dismissal of HSBC's extra-contractual claims, the Court also incorporates by reference its discussion of the extra-contractual claims in the *Wells Fargo* order because the same analysis applies here as well. *See Wells Fargo*, ECF No. 52 at 21-24.

Like in *Wells Fargo*, the parties' arguments regarding HSBC's claim for breach of the implied covenant of good faith and fair dealing turn on whether the Court agrees that one of HSBC's proffered endorsements covers HSBC's loss or not. (ECF Nos. 64 at 19, 66 at 23-24 (making their arguments).) Because the Court finds that the CLTA 100.2(1)(a) endorsement covers HSBC's loss, HSBC's claim for breach of the covenant of good faith and fair dealing may proceed, and Chicago Title's motion is accordingly denied to the extent it seeks dismissal of that claim.

The parties' arguments regarding HSBC's deceptive trade practices claim are also substantially identical to the arguments the Court resolved in the *Wells Fargo* order, and the Court will accordingly resolve them in the same way it did in that case. (ECF Nos. 64 at 19-21, 66 at 24-25 (making their arguments).) *See also Wells Fargo*, ECF No. 52 at 21-22. Like in *Wells Fargo*, Chicago Title does not dispute that HSBC's original complaint was timely filed, but notes that the original complaint did not contain a deceptive trade practices claim and therefore argues that that the deceptive trade practices claim does not relate back, or alternatively that HSBC fails to state a claim. (ECF No. 64 at 19-21.) For the reasons provided in *Wells Fargo*, the Court disagrees. *See Wells Fargo*, ECF No. 52 at 21-22. The Court accordingly denies Chicago Title's motion to the extent it seeks dismissal of HSBC's deceptive trade practices claim.

Finally, the parties' arguments regarding HSBC's NRS § 686A.310 claim are also substantially identical to the arguments the Court resolved in the *Wells Fargo* order, and the Court will accordingly resolve them in the same way it did in that case. (ECF Nos. 64 at 22-23, 66 at 25-26 (making their arguments).) *See also Wells Fargo*, ECF No. 52 at 22-24. Like in *Wells Fargo*, there is no dispute here that Chicago Title formally denied HSBC's claim more than three years before Plaintiff filed its original complaint. (ECF Nos. 64 at 22, 66 at 25 (declining to dispute the dates it filed the original complaint or received Chicago Title's claim denial letter).) Thus, for the reasons provided in *Wells Fargo*, the Court dismisses HSBC's NRS § 686A.310 claim as time barred. *See Wells Fargo*, ECF No. 52 at 22-24. And HSBC makes the same arguments to resist this

conclusion that the plaintiff did, and the Court rejected, in *Wells Fargo*. *See id.* (*See also* ECF No. 66 at 25-26.) The Court accordingly rejects those arguments for the same reasons it did in *Wells Fargo*. Chicago Title's motion to dismiss is granted to the extent it seeks dismissal of HSBC's NRS § 686A.310 claim.

### C. Leave to Amend

HSBC seeks leave to amend if the Court dismisses any of its claims. (ECF No. 66 at 26.) Chicago Title contends that the Court should not grant leave to amend because Plaintiff has already had an opportunity to amend and any amendment would be futile. (ECF No. 64 at 24.) These arguments again present the Court with a situation similar to the situation it faced in *Wells Fargo*, and the Court will resolve these arguments consistently with the way it resolved them in *Wells Fargo*. *See Wells Fargo*, ECF No. 52 at 24-25.

As explained *supra*, HSBC is entitled to summary judgment on its first and second claims to the extent they are based on the theory that the CLTA 100.2(1)(a) endorsement covers HSBC's loss. HSBC may similarly proceed with its third and fourth claims to the extent they are based on Chicago Title's decision to deny coverage despite the fact that the CLTA 100.2(1)(a) endorsement covers HSBC's loss.

But for the reasons provided in *Wells Fargo*, the Court denies HSBC's request for leave to amend its claims to the extent they are based on the CLTA 100.2(2)(a) or ALTA 5 endorsements—and denies HSBC's request for leave to amend its NRS § 686A.310 claim—as amendment would be futile. *See Wells Fargo*, ECF No. 52 at 24-25.

### IV. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Chicago Title's motion to dismiss (ECF No. 64) is granted in part, and denied in part, as specified herein.

It is further ordered that HSBC's counter motion for partial summary judgment (ECF No. 67) is granted as specified herein.

It is further ordered that the CLTA 100.2(1)(a) endorsement covers HSBC's loss that led to this case.

It is further ordered that Chicago Title's counter-counter motion (ECF No. 77) is granted in part, and denied in part, as specified herein.

DATED THIS 15th Day of February 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE