UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HSBC Bank USA, National Association, as trustee for the holders of Deutsche Alt-A Securities, Inc., Mortgage Loan Trust Pass-Through Certificates Series 2007-OA3,<br><br>Plaintiff,<br><br>v.<br><br>Chicago Title Insurance Company,<br><br>Defendant. | Case No. 2:18-cv-02162-MMD-DJA<br><br>Order |

This is an insurance bad faith action arising out of a title insurance policy that Defendant issued to Plaintiff.  Plaintiff HSBC Bank USA as trustee for the holder of Deutsche Alt-A Securities, Inc. Mortgage Loan Trust Pass-Through Certificates Series 2007-OA3 sues Defendant Chicago Title Insurance Company for declaratory relief and damages, alleging claims for breach of contract, breach of the implied covenant of good faith and fair dealing, deceptive trade practices in violation of Nevada Revised Statutes §§ 41.600 and 598.0915, and violation of Nevada Revised Statute 686A.310.  Plaintiff moves to seal an unredacted version of its reply in support of its motion for partial summary judgment.  (ECF No. 116).  Plaintiff also moves to seal its response to Defendant's motion to file a sur-reply.  (ECF No. 120).  Defendant moves to seal its response to Plaintiff's motion to seal.  (ECF No. 123).  Because the Court finds that Defendant has provided compelling reasons to seal the documents at issue the Court grants all three motions to seal.  (ECF Nos. 116, 120, 123).

**I.    Discussion.**

A party seeking to file a confidential document under seal must file a motion to seal and must comply with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092

(9th Cir. 2016). A party seeking to seal judicial records attached to motions more than tangentially related to the merits of the case must meet the "compelling reasons" standard. *See Kamakana*, 447 F.3d at 1183; *Ctr. for Auto Safety*, 809 F.3d at 1101. For records attached to motions not more than tangentially related to the merits of the case, the "good cause" standard applies. *See Ctr. for Auto Safety*, 809 F.3d 1095, 1101.

Under the compelling reasons standard, a court may seal a record only if it finds "compelling reasons" to support such treatment and articulates "the factual basis for its ruling, without relying on hypothesis or conjecture." *Ctr. for Auto Safety*, 809 F.3d at 1096-97. Compelling reasons exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. *Id.* at 1097 (internal quotations and citations omitted). The compelling reasons must be "supported by specific factual findings," that outweigh "the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana*, 447 F.3d at 1178-79 (internal quotations and citations omitted). The Ninth Circuit has rejected efforts to seal documents under the "compelling reasons" standard based on "conclusory statements about the contents of the documents—that they are confidential" and that, in general, their disclosure would be harmful to the movant. *Id.* at 1182. Furthermore, any "requests to seal documents must be 'narrowly tailored' to remove from the public sphere only the material that warrants secrecy." *Florence v. Cenlar Fed. Sav. & Loan*, No. 2:16-cv-00587, 2017 WL 1078637, at *2 (D. Nev. March 20, 2017). "As a corollary, to the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the court must order that redacted versions be filed rather than sealing entire documents." *Id.*; *see In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 425 (9th Cir. 2011); *see Welch v. Minev*, No. 2:19-cv-01064-GMN-BNW, 2022 WL 4809269, at *2 (D. Nev. Oct. 1, 2022).

Here, as a preliminary matter, the Court finds that the compelling reasons standard applies to Plaintiff's two motions to seal because both motions seek to seal documents attached to Plaintiff's reply in support of its motion for summary judgment and references to those

1  documents. (ECF Nos. 116, 120). The Court finds that the good cause standard applies to
2  Defendant's motion to seal because Defendant's motion to seal only relates to Defendant's
3  response to Plaintiff's motion to seal. (ECF No. 123). The Court finds that, through Defendant's
4  response (filed under seal at ECF No. 124 and in redacted form at ECF No. 125) Defendant has
5  met both the compelling reasons standard and the good cause standard.

6  Plaintiff's first motion to seal (ECF Nos. 116) seeks to seal the unredacted version of
7  Plaintiff's reply and Exhibits 1 and 2 to that reply. Plaintiff explains that Exhibits 1 and 2 are
8  Defendant's claims handbook and underwriting bulletin, and that portions of Plaintiff's
9  unredacted reply reference these exhibits. Plaintiff explains that it seeks to seal the documents
10 simply because Defendant marked them confidential under the parties' stipulated protective
11 order. Plaintiff adds that it "does not believe the bulletins and claims handbook are confidential."
12 (ECF No. 116 at 2). Plaintiff's second motion to seal (ECF No. 120) seeks to seal its response to
13 Defendant's motion to file a sur-reply. Plaintiff only seeks to seal the unredacted version of the
14 response because it references portions of Defendant's claims handbook and underwriting
15 bulletin. Defendant's motion to seal (ECF No. 123) seeks to seal the unredacted version of
16 Defendant's response to Plaintiff's motion to seal because it references portions of Defendant's
17 claims handbook and underwriting bulletin.

18 Defendant's response provides compelling reasons and good cause sufficient for the Court
19 to grant all three motions to seal. Defendant explains that the claims handbook and underwriting
20 bulletin contain confidential business information that provides it a competitive advantage in the
21 title insurance industry and would cause it harm if those documents were made public. Defendant
22 points out that the handbook provides claims administrators a review of real property law, an
23 explanation of title insurance and the underwriting process, discussion of government regulations,
24 and guidance on how to handle claims properly and efficiently. Contained within this
25 information are instructions and directives to claims administrators that reflect the impressions
26 and analysis of Defendant's counsel. Because the more prepared claims adjusters are to handle
27 claims effects how successful a title insurance company is, Defendant explains that release of its
28 claims handbook would impact its competitive advantage. Defendant points out that the

underwriting bulletin provides guidelines which are key to Defendant's competitive advantage. Specifically, because each title insurer assesses risks differently and because the quality of each title insurer's risk assessment can place them at a competitive advantage or disadvantage, disclosure of Defendant's guidelines would harm Defendant competitively. The underwriting bulletin also reflects the mental impressions of Defendant's underwriting counsel and contain guidance from that counsel to title agents. The underwriting bulletin at Exhibit 2 is specific to Nevada non-judicial foreclosure and contains specific instructions to underwriting employees, constituting proprietary business information. The Court finds that Defendant's explanations constitute compelling reasons and good cause to seal the claims handbook, the underwriting bulletin, and the references both Plaintiff and Defendant make to those documents in their respective filings.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to seal (ECF No. 116) is **granted.** The documents filed under seal at ECF No. 118 shall remain under seal.

**IT IS FURTHER ORDERED** that Plaintiff's motion to seal (ECF No. 120) is **granted.** The documents filed under seal at ECF No. 122 shall remain under seal.

**IT IS FURTHER ORDERED** that Defendant's motion to seal (ECF No. 123) is **granted.** The documents filed under seal at ECF No. 124 shall remain under seal.

DATED: October 11, 2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE