UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HSBC BANK USA NATIONAL ASSOCIATION, MORTGAGE LOAN TRUST PASS-THROUGH CERTIFICATES SERIES 2007-OA3, AS AGENT OF DEUTSCHE ALT-A SECURITIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> CHICAGO TITLE INSURANCE COMPANY, <br><br> Defendant. | Case No. 2:18-cv-02162-MMD-DJA <br><br> ORDER |

**I.   SUMMARY**

This is a title insurance dispute stemming from litigation over a homeowners' association's ("HOA") foreclosure sale. Before the Court are several motions: (1) Plaintiff HSBC Bank USA National Association, Mortgage Loan Trust Pass-Through Certificates Series 2007-OA3, agent of Deutsche Alt-A Securities, Inc. ("HSBC")'s motion for partial summary judgment that Defendant Chicago Title Insurance Company breached its duty to defend (ECF No. 101);[1] (2) Chicago Title's alternative motion for relief under Federal Rule of Civil Procedure 56(d) (ECF No. 108);[2] and (3) Chicago Title's motion for leave to file a surreply to HSBC's motion (ECF No. 119).[3] Two requests for judicial notice (ECF Nos. 129, 138) and two supplemental briefs (ECF Nos. 136, 137) are also before the

---

[1] Chicago Title responded (ECF No. 105) and HSBC replied (ECF No. 117).

[2] HSBC responded to this motion as part of its reply in support of its motion. (ECF No. 117 at 21.)

[3] HSBC responded (ECF No. 121) and Chicago Title replied (ECF No. 130).

Court. As further explained below, *Deutsche Bank Nat'l Tr. Co. as Tr. for Registered Holders of Morgan Stanley ABS Cap. I Tr. 2004-HE8, Mortg. Pass-Through Certificates, Series 2004-HE8 v. Fid. Nat'l Title Ins. Co.*, 536 P.3d 915 (Nev. 2023) ("*Deutsche Bank*") compels the Court to reconsider the key prior order it issued in this case, HSBC is foreclosed from the relief it seeks in its motion, the Court will deny both of Chicago Title's pending motions and the requests for judicial notice as moot, and the Court will dismiss this case, directing entry of judgment in Chicago Title's favor.

## II.   BACKGROUND

The Court previously found that the CLTA 100.2(1)(a) endorsement covers HSBC's loss that led to this case, but neither the CLTA 100.2(2)(a) nor ALTA 5 endorsements do.[4] (ECF No. 86.) HSBC's motion seeks to build on that order, seeking a declaration that Chicago Title beached its duty to defend when it denied coverage under the CLTA 100.2(1)(a) endorsement. (ECF No. 101.) Chicago Title's two pending motions essentially seek more materials to respond to HSBC's motion; one seeks to reopen discovery and another seeks the Court's leave to raise more arguments in response to HSBC's reply. (ECF Nos. 108, 119.)

However, the legal landscape shifted under the parties' feet when the Nevada Supreme Court issued the *Deutsche Bank* opinion.[5] There, the Nevada Supreme Court ruled that a title insurance policy accompanied by the CLTA 115.2, CLTA 100(1)(a), and CLTA 100(2)(a) endorsements did not cover Deutsche Bank National Trust Company's loss in the form of quiet title litigation ending with a declaration that Deutsche Bank's deed of trust encumbering a property had been extinguished by a foreclosure sale conducted by the pertinent homeowners' association's foreclosure sale. *See generally*

---

[4] Neither party contests the Court's prior ruling that neither the CLTA 100.2(2)(a) nor ALTA 5 endorsements provide coverage. (ECF Nos. 136 at 2, 137 at 2 n.2.) And as explained below, the Nevada Supreme Court ruled consistently with the Court as to these two endorsements.

[5] Chicago Title asked for a stay because this might happen (ECF No. 97), but the Court declined to stay the case (ECF No. 100).

536 P.3d 915. This, of course, differs from the Court's prior ruling in this case that the CLTA 100.2(1)(a) endorsement covers HSBC's loss that led to this case.[6] (ECF No. 86.)

The Court accordingly directed supplemental briefing from the parties on the impact, if any, of *Deutsche Bank* on this case (ECF No. 131), and then gave the parties more time to file that supplemental briefing until the Nevada Supreme Court issued remittitur in *Deutsche Bank* (ECF Nos. 133, 135). The parties then filed those supplemental briefs (ECF Nos. 136, 137), and HSBC filed a request for judicial notice that accompanies its supplemental brief (ECF No. 138).

**III.   DISCUSSION**

In its supplemental brief, Chicago Title argues that this case has become simple following *Deutsche Bank*—that the Court should reconsider its prior order, vacate the portion of it finding coverage under the CLTA 100.2(1)(a) endorsement, deny HSBC's motion, dismiss HSBC's amended complaint, and enter judgment in Chicago Title's favor. (ECF No. 136.) HSBC basically argues in its supplemental brief that this case remains complicated—that this case is distinguishable from *Deutsche Bank* and the duty to defend would be triggered even if its loss is not covered under the applicable policy. (ECF No. 137.) The Court agrees with Chicago Title.

*Deutsche Bank* dictates the outcome of this case. The reasoning of *Deutsche Bank* is not compatible with the Court's prior reasoning in this case, so the Court must now follow the Nevada Supreme Court's pertinent reasoning. *See Indus. Indem. Ins. Co. v. United States*, 757 F.2d 982, 985 (9th Cir. 1985) (finding that state law controls the interpretation of insurance contracts); *CRST Van Expedited, Inc. v. Werner Enterprises, Inc.*, 479 F.3d 1099, 1106 n.6 (9th Cir. 2007) (noting that the United States Court of Appeals for the Ninth Circuit's interpretation of a California statute does not control over the California Supreme Court's subsequent interpretation of that statute because "a State's highest court is the final judicial arbiter of the meaning of state statutes....")

---

[6]HSBC alleges in this case "that the CLTA 100.2 endorsements are equivalent to the CLTA 100 endorsements." (ECF No. 86 at 4 (citing ECF No. 62 at 5).)

1	(quoting *Gurley v. Rhoden*, 421 U.S. 200, 208 (1975)). Indeed, while the Court found
2	that the pertinent statute worked together with the conditions, covenants, and restrictions
3	("CC&Rs) of a particular HOA to cut off or subordinate the interest of a holder of a first
4	deed of trust when an HOA sale is properly conducted, *see Wells Fargo Bank, N.A. v.*
5	*Fidelity National Title Insurance Company*, Case No. 3:19-cv-00241-MMD-CSD, ECF
6	No. 52 at 14-17 (D. Nev. Sept. 20, 2022), the *Deutsche Bank* court found that the
7	superpriority lien "was a product of NRS [§] 116.3116." *Deutsche Bank*, 536 P.3d at 926.
8	For this reason, the *Deutsche Bank* court similarly found that any applicable CC&Rs
9	could and would not cut off, impair, or subordinate a deed of trust that encumbered the
10	pertinent property—the lien was entirely statutory. *See id.* And the *Deutsche Bank* court
11	found that the CLTA 100(1)(a) endorsement did not cover Deutsche Bank's loss that led
12	to that case. *See id.* The Court's order finding coverage under the CLTA 100.2(1)(a)
13	endorsement is accordingly no longer tenable considering *Deutsche Bank*. Moreover,
14	the *Deutsche Bank* court found that the duty to defend never arose in that case because
15	there was never any potential for coverage. *See id.* at 927.

16	HSBC's attempts to convince the Court not to take Chicago Title's proposed
17	approach in view of *Deutsche Bank* are unpersuasive. HSBC first suggests that
18	*Deutsche Bank* is distinguishable because the Nevada Supreme Court did not address
19	any policy exclusions in it (ECF No. 137 at 2-3), but the Nevada Supreme Court did not
20	because it determined that the endorsements did not cover Deutsche Bank's losses, *see*
21	*Deutsche Bank*, 536 P.3d at 927 n.8. The Court accordingly does not need to address
22	either side's arguments regarding exclusions either. HSBC next argues that the CC&Rs
23	applicable to this case contain provisions rendering *Deutsche Bank* distinguishable (ECF
24	No. 137 at 3-5), but *Deutsche Bank* turns on the key holding that the NRS Chapter 116
25	lien is entirely statutory, so the particularities of specific CC&Rs are irrelevant because
26	CC&Rs never cause the losses at issues in this and similar cases. *See* 536 P.3d at 926.
27	HSBC finally argues that Chicago Title still could have breached its duty to defend even
28	though there is no coverage under *Deutsche Bank* (ECF No. 137 at 5-8), but the Court

rejects that argument in the same way that the Nevada Supreme Court rejected it in *Deutsche Bank*: because there has "never been a potential for coverage[,]" "the duty to defend did not arise[.]" 536 P.3d at 927.

In sum, *Deutsche Bank* compels the conclusion that there was never coverage for HSBC's loss that led to this case, and that Chicago Title did not breach its duty to defend. The Court will accordingly reconsider its key prior order, dismiss the amended complaint, deny HSBC's motion, and deny both Chicago Title's motions and the requests for judicial notice as moot.[7] *See, e.g.*, *Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir. 1996), *as amended* (Jan. 15, 1997) ("the interlocutory orders and rulings made pre-trial by a district judge are subject to modification by the district judge at any time prior to final judgment") (citation omitted).

## IV.   CONCLUSION

The Court notes that the parties made several arguments and cited several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the pending motions.

It is therefore ordered that HSBC's motion for partial summary judgment (ECF No. 101) is denied.

It is further ordered that Chicago Title's motion for relief under Federal Rule of Civil Procedure 56(d) (ECF No. 108) is denied as moot.

It is further ordered that Chicago Title's motion for leave to file a surreply (ECF No. 119) is denied as moot.

It is further ordered that both parties' requests for judicial notice (ECF Nos. 129, 138) are denied as moot.

---

[7]Chicago Title's motions and the requests for judicial notice are moot because the Court must resolve this case in Chicago Title's favor, so Chicago Title does not need the various materials it seeks and the Court need not—and does not—consider the further arguments in Chicago Title's proposed surreply or supported by the materials that both sides ask the Court to take judicial notice of.

It is further ordered that the Court vacates only the portion of its prior order finding that the CLTA 100.2(1)(a) endorsement covers HSBC's loss that led to this case (ECF No. 86 at 4, 7).

It is further ordered that, for clarity and consistent with *Deutsche Bank*, neither the CLTA 100.2(1)(a), CLTA 100.2(2)(a), nor ALTA 5 endorsements cover HSBC's loss that led to this case.

It is further ordered that HSBC's amended complaint (ECF No. 62) is dismissed in its entirety.

The Clerk of Court is directed to enter judgment accordingly—in Chicago Title's favor—and close this case.

DATED THIS 26th Day of January 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE