UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE HOLDERS OF DEUTSCHE ALT-A SECURITIES, INC., MORTGAGE LOAN TRUST PASS-THROUGH CERTIFICATES SERIES 2007-OA3, a National Banking Association,<br><br>Plaintiff,<br>v.<br><br>FIDELITY NATIONAL TITLE GROUP, INC. and CHICAGO TITLE INSURANCE COMPANY,<br><br>Defendants. | Case No. 2:18-cv-02162-MMD-DJA<br><br>ORDER |

**I.   SUMMARY**

This is a title insurance dispute stemming from litigation over a homeowners' association's foreclosure sale. Before the Court is Defendant Chicago Title Insurance Company[1] ("Chicago Title")'s motion for attorneys' fees and costs from Plaintiff HSBC Bank USA National Association Mortgage Loan Trust Pass-Through Certificates Series 2007-OA3 agent of Deutsche Alt-A Securities, Inc. ("HSBC"). (ECF No. 143 ("Motion").)[2] The Court will deny the Motion because HSBC brought its claims in good faith, as further explained below.

---

[1] Fidelity National Title Group and Chicago Title Insurance Company are both underwriters of title insurance policies. Chicago Title is a subsidiary of Fidelity National Title Group. While both were named as Defendants, the Court refers to Chicago Title in this order.

[2] HSBC filed a response (ECF No. 150), and Chicago Title filed a reply. (ECF No. 152).

## II.   BACKGROUND

Chicago Title filed the Motion after prevailing in a closed title insurance dispute. (ECF No. 140 (directing entry of judgment in Chicago Title's favor).) The dispute that led to this case began when HSBC submitted an insurance claim to Chicago Title asserting that its policy covered losses HSBC incurred from a nonjudicial foreclosure sale of a property on which HSBC had the right to repayment on a deed of trust. (ECF No. 143 at 3.) Chicago Title denied HSBC's claim. (*Id.*) So HSBC sued Chicago Title, alleging in part that it wrongfully denied coverage under the CLTA 100.2(1)(a) endorsement. (ECF No. 1.) On February 15, 2023, the Court allowed some of HSBC's causes of action based on CLTA 100.2(1)(a) to proceed, finding that endorsement covered HSBC's loss. (ECF No. 86.)

However, at the time the Court made that decision, the Nevada Supreme Court ("NSC") had two pending appeals related to HSBC's CLTA 100.2(1)(a) theory: *Deutsche Bank Nat'l Tr. Co. v. Fid. Nat'l Title Ins. Co.* ("Deutsche Bank") and *Pennymac Corp. v. Westcor Land Title Ins. Co.* ("Pennymac"). The NSC held oral argument for both appeals on April 11, 2023. *See 84161, Deutsche Bank National Trust Company vs. Fidelity National Title Insurance Company, 4/11/2023*, SUPREME COURT OF NEVADA (Apr. 11, 2023), https://perma.cc/TGN4-2PLX; *83737 PennyMac Corporation vs. Westcor Land Title Insurance Company 4/11/2023*, SUPREME COURT OF NEVADA (Apr. 11, 2023), https://perma.cc/YQ4V-7LTA.

On July 27, 2023—after oral argument but before the NSC issued its opinions in *Deutsche Bank* or *Pennymac*—Chicago Title made an offer of judgment to HSBC for dismissal of its complaint in exchange for $5,000, based on the likelihood that the NSC would not find that CLTA 100.2(1)(a) provided coverage. (ECF No. 143 at 3-4.) HSBC let the offer lapse and instead filed a motion for partial summary judgment in this case on August 8, 2023. (ECF Nos. 150 at 5, 101.)

The NSC issued its opinions in *Deutsche Bank* and *Pennymac* on October 12, 2023—before this Court addressing HSBC's motion for partial summary

judgment. The NSC held that CLTA 100.2(1)(a) did not provide coverage. *See Deutsche Bank Nat'l Tr. Co. v. Fid. Nat'l Title Ins. Co.*, 536 P.3d 915, 928-29 (Nev. 2023); *Pennymac Corp. v. Westcor Land Title Ins. Co.*, 536 P.3d 930, 930 (Nev. 2023). The Court directed supplemental briefing on the impact of the NSC's opinions on this case. (ECF No. 131.) Following its review of that supplemental briefing, this Court denied HSBC's motion for partial summary judgment, vacated its prior order finding in HSBC's favor, dismissed HSBC's amended complaint, and directed entry of judgment for Chicago Title. (ECF No. 140.) Chicago Title now moves for fees and costs. (ECF No. 143.)

### III.     DISCUSSION

The parties—and the Court—agree that Nev. R. Civ. P. 68 supplies the relevant standard for resolving Chicago Title's Motion. (ECF Nos. 143 at 6-8, 150 at 7-8.) Nev. R. Civ. P. 68 gives district courts discretion to award attorneys' fees to the party who makes an offer of judgment if the offeree rejects the offer and subsequently obtains a judgment that is less favorable than the offer. *See Chavez v. Sievers*, 43 P.3d 1022, 1027 (Nev. 2002).

The following factors govern the award of attorneys' fees under these circumstances: "(1) whether the plaintiff's claim was brought in good faith; (2) whether the defendants' offer of judgment was reasonable and in good faith in both its timing and amount; (3) whether the plaintiff's decision to reject the offer and proceed to trial was grossly unreasonable or in bad faith; and (4) whether the fees sought by the offeror are reasonable and justified in amount." *Beattie v. Thomas*, 668 P.2d 268, 274 (Nev. 1983). No single factor is outcome determinative. *See Harrison v. Ramparts, Inc.*, 500 P.3d 603, 608 (Nev. 2021).

Chicago Title's analysis of the *Beattie* factors is largely driven by its assertion that HSBC was unreasonable in allowing the offer of judgment to lapse because the NSC's questioning at the *Deutsche Bank* and *Pennymac* oral arguments suggested that it would hold that CLTA 100.2(1)(a) did not provide coverage. (ECF No. 143.) However, Chicago Title's expectation that HSBC would accept an offer based on questioning at oral

3

argument is unreasonable because it is grounded in mere speculation as to how the NSC may rule. *Cf. Danielson v. Inslee*, 945 F.3d 1096, 1103 (9th Cir. 2019) ("[T]he Rule of Law requires that parties abide by, and be able to rely on, what the law *is*, rather than what the readers of tea-leaves predict that it might be in the future." (quoting *Janus v. Am. Fed'n. of State*, 942 F.3d 352, 366 (7th Cir. 2019))).

On the first factor, nothing in the record suggests that HSBC did not bring its claims in good faith. Indeed, the Court previously ruled in HSBC's favor that one of the disputed endorsements covered HSBC's loss. (ECF No. 86.) Further, at the time HSBC filed suit, the key coverage questions remained unanswered. Therefore, the first factor favors HSBC. And Chicago Title's contrary argument is unpersuasive. While Chicago Title argues the first factor weighs in its favor because HSBC's claims were not "maintained" in good faith when it did not accept the offer of judgment following oral argument (ECF No. 143 at 8-10), the *Beattie* standard asks whether a claim was *brought* in good faith, not whether it was *maintained* in good faith. *See* 668 P.2d at 274; *see also Frazier v. Drake*, 357 P.3d 365, 372 (Nev. Ct. App. 2015) (holding that the first three *Beattie* factors relate to motive); *Assurance Co. of Am. v. Ironshore Specialty Ins. Co.*, Case No. 2:15-cv-00460-JAD-PAL, 2018 U.S. Dist. LEXIS 159454, at *5 (D. Nev. Sep. 18, 2018) (analyzing the first *Beattie* factor through the lens of "the plaintiffs' litigation motives"). Chicago Title's argument accordingly misses the mark.

Chicago Title argues on the second factor that the timing and amount of the offer of judgment was reasonable because HSBC knew after oral arguments that its case was unlikely to be successful. (ECF No. 143 at 8.) However, offers made before an offeree has a fair opportunity to assess liability and damages may not be reasonable. *See Certified Fire Prot., Inc. v. Precision Constr., Inc.*, 283 P.3d 250, 258 (Nev. 2012) (finding that an offer of judgement was "made so early in litigation that [the offeree] had not yet had a fair opportunity to assess its claim through discovery"). At the time of the offer, HSBC could not yet assess the validity of its claims because the *Deutsche Bank* and *PennyMac* opinions had not been issued—and would not be until more than six months

4

after oral argument. And as noted, HSBC could not have known what those opinions were going to say until the NSC issued them. It was thus not reasonable for Chicago Title to expect HSBC to accept an offer of judgment based on Chicago Title's conjecture that the NSC was going to rule consistent with its positions. This factor again weighs towards HSBC.

The third *Beattie* factor asks whether the plaintiff's decision to reject the offer and proceed to trial was grossly unreasonable or made in bad faith. In evaluating this factor, Nevada courts generally consider the availability of information essential to the offeree's decision. *See, e.g., Trs. of Carpenters for S. Nev. Health & Welfare Tr. v. Better Bldg. Co.*, 710 P.2d 1379, 1382 (Nev. 1985) ("[A]bsent the essential documents, it cannot be said appellants' decision to proceed with litigation was unreasonable or in bad faith."). Chicago Title argues that HSBC's admission in its reply to Chicago Title's Motion for Partial Summary Judgment (ECF No. 117 at 2) that no further discovery was required, in conjunction with its knowledge of proceedings at the *Deutsche Bank* and *Pennymac* oral arguments, meant that it had all essential information to evaluate the offer of judgment. (ECF No. 143 at 7.) However, it was not grossly unreasonable or suggestive of bad faith that HSBC awaited the NSC's rulings before proceeding because those rulings contained information vital to its position. Without the rulings, they could not make a fully informed choice of how to proceed.

In sum, the first three *Beattie* factors weigh against an award of fees.[3] The Court therefore denies Chicago Title's Motion.

## IV.   CONCLUSION

The Court notes that the parties made several arguments and cited several cases not discussed above. The Court has reviewed these arguments and cases and

---

[3]Analysis of the fourth *Beattie* factor is unnecessary when the first three factors weigh against an award of fees and costs. *See Frazier v. Drake*, 357 P.3d 365, 373 (Nev. Ct. App. 2015); *see also Schwartz v. Estate of Greenspun*, 881 P.2d 638, 642 (Nev. 1994) (holding that the court is not required to make explicit findings on every factor if the record demonstrates that all the factors were considered).

determines that they do not warrant discussion as they do not affect the outcome of the motion before the Court.

It is therefore ordered that Chicago Title's motion for attorneys' fees and costs (ECF No. 143) is denied.

DATED THIS 11th Day of September 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE